

# In The
# Court of Appeals
# Sixth Appellate District of Texas at Texarkana

---

No. 06-22-00128-CR

---

TARSADEUS TARCEYLA FISHER, Appellant

V.

THE STATE OF TEXAS, Appellee

---

On Appeal from the 6th District Court
Lamar County, Texas
Trial Court No. 29875

---

Before Morriss, C.J., Stevens and van Cleef, JJ.
Memorandum Opinion by Justice Stevens

Pursuant to a plea agreement with the State, Tarsadeus Tarceyla Fisher pled guilty to aggravated assault with a deadly weapon,[1] burglary of a habitation,[2] and publishing/threatening to publish intimate visual material.[3]  In accordance with the recommended plea agreement, Fisher was sentenced to four years' imprisonment for aggravated assault with a deadly weapon, four years' imprisonment for burglary of a habitation, and twelve months' incarceration for publishing/threatening to publish intimate visual material.  In addition, Fisher waived her right of appeal when she signed the following waiver of her rights:  "I freely, voluntarily and knowingly waive and give up any and all rights to appeal, file a motion for new trial or motion in arrest of judgment and/or my right to seek an application for writ of habeas corpus under Article 11.07 of the Code of Criminal Procedure."  The trial court certified that this was a plea-agreement case in which Fisher had no right of appeal and that Fisher had also waived her right of appeal.

The Texas Legislature has granted a very limited right of appeal in plea-bargain cases. Rule 25.2(a) of the Texas Rules of Appellate Procedure details that right as follows:

> (2)      . . . . In a plea bargain case—that is, a case in which a defendant's plea was guilty or nolo contendere and the punishment did not exceed the punishment recommended by the prosecutor and agreed to by the defendant—a defendant may appeal only:
>
>> (A)      those matters that were raised by written motion filed and ruled on before trial, or

---

[1] TEX. PENAL CODE ANN. § 22.02(a)(2) (Supp.).

[2] TEX. PENAL CODE ANN. § 30.02(c)(2).

[3] TEX. PENAL CODE ANN. § 21.16(g) (Supp.).

> > (B) after getting the trial court's permission to appeal, or
>
> > (C) where the specific appeal is expressly authorized by statute.

TEX. R. APP. P. 25.2(a)(2). There is no indication in the record before this Court that Fisher either (1) filed a motion that was ruled on before trial or (2) obtained the trial court's permission to appeal. To the contrary, the trial court's certification of Fisher's right of appeal indicates that he has no right of appeal. Additionally, we are aware of no statute that expressly authorizes this appeal. Pursuant to Rule 25.2(d) of the Texas Rules of Appellate Procedure, this Court is required to dismiss an appeal if, as in this case, the trial court's certification indicates no right of appeal. *See* TEX. R. APP. P. 25.2(d).

Even though Fisher entered into a plea agreement with the State and otherwise waived her right of appeal, she nevertheless, acting pro se, filed a notice of appeal.

On October 14, 2022, we informed Fisher of the apparent defect in our jurisdiction over this appeal and afforded her an opportunity to respond and, if possible, cure such defect. Fisher did not file a response to our jurisdictional defect letter.

Because Fisher has no right of appeal as a result of her plea bargain with the State and as a further result of her explicit, written waiver of that right and because the trial court's certification correctly indicates that she is without a right of appeal, we dismiss this appeal for want of jurisdiction.

Scott E. Stevens
Justice

Date Submitted: November 17, 2022
Date Decided: November 18, 2022

Do Not Publish

3